# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 26-2013, J.O.P, et al. v. U.S. Dep't of Homeland Security, et al. |
| **Originating No. & Caption** | 8:19-cv-1944, J.O.P, et al. v. U.S. Dep't of Homeland Security |
| **Originating Court/Agency** | U.S. District Court for the District of Maryland |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1292 | |
| Time allowed for filing in Court of Appeals | 60 days | |
| Date of entry of order or judgment appealed | May 26, 2026 | |
| Date notice of appeal or petition for review filed | July 24, 2026 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ⦿ Yes | ◯ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ◯ Yes | ⦿ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ⦿ Yes | ◯ No |
| Has transcript been filed in district court? | ⦿ Yes | ◯ No |
| Is transcript order attached? | ◯ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | 21-1187, 25-1519, 25-2098 | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ◯ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ◯ No |
| Does case involve question of first impression? | ⦿ Yes | ◯ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ◯ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| On July 1, 2019, four named Plaintiffs commenced this litigation to challenge a United States Citizenship and Immigration Services ("USCIS") policy on Unaccompanied Alien Children ("UACs") under which USCIS would make its own factual determinations as to whether an asylum applicant was still a UAC at the time they filed their asylum application and would defer to the UAC findings of immigration judges for applicants in removal proceedings. On November 25, 2024, the district court granted final approval of a comprehensive settlement agreement providing relief to a certified class of asylum applications previously determined to be UACs. The court retained jurisdiction to supervise the implementation of the agreement and to enforce its provisions and terms until the Termination Date, which was May 27, 2026, for all provisions with the exception of one. On April 10, 2026, Class Counsel moved to extend this operational window via a motion to modify the agreement under Fed. R. Civ. P. 60(b). After a May 19, 2026 motions hearing, on May 26, 2026, the court granted Class Counsels' motion, concluding that the Dec. 2, 2025 USCIS policy memorandum placing a hold on all asylum applications (PM-602-0192) constituted a significant shift in circumstances legally necessitating judicial intervention. The court extended the agreement until November 18, 2026. The government appeals. |

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

1. Whether the district court abused its discretion by indefinitely extending its own jurisdiction beyond the explicit, unambiguous 548-day contractually agreed "Termination Date" (May 27, 2026), thereby failing to preserve the "essence of the parties' bargain" under Maryland contract law and Fourth Circuit precedent.
2. Whether the district court erred by finding that a lawful, temporary, and nation-specific executive vetting hold—instituted pursuant to Presidential Proclamations to protect national security—constituted an impermissible breach of Section III.B's general mandate to adjudicate asylum applications on the merits and was a "significant and unanticipated change in circumstances" sufficient to legally justify rewriting a consent decree under Fed. R. Civ. P. 60(b)(5).
3. Whether the district court's blanket 175-day extension of the entire settlement agreement was "reasonably tailored."
4. Whether the district court appropriately considered the public interest and burden on the Executive's core immigration enforcement authorities when extending the settlement agreement.
5. Whether the district court erred by finding Defendants waived their argument that 8 U.S.C. § 1252(f)(1) strips the court of jurisdiction to enter injunctions on behalf of an entire class of aliens, where the Supreme Court has clarified that § 1252(f)(1) strips lower courts of jurisdiction to grant class-wide injunctive relief affecting the operation of removal provisions.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| Adverse Party: J.O.P. | Adverse Party: M.E.R.E. |
|---|---|
| Attorney: see attached <br> Address: | Attorney: see attached <br> Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Adverse Parties (continued)**

| Adverse Party: K.A.R.C. | Adverse Party: E.D.G. |
|---|---|
| Attorney: see attached <br> Address: | Attorney: see attached <br> Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

<table>
<tr><td colspan="2"><strong>Appellant</strong> (Attach additional page if necessary.)</td></tr>
</table>

| | |
|---|---|
| Name:  Joseph B. Edlow<br><br>Attorney: see attached<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:  Jonathan Fahey<br><br>Attorney: see attached<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Appellant (continued)**

| | |
|---|---|
| Name: Markwayne Mullin<br><br>Attorney: see attached<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:  U.S. Immigration and Customs Enforcement<br><br>Attorney: see attached<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/Larissa K. Johnson          **Date:** Aug. 13, 2026

**Counsel for:** Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |

Signature:                                    Date:

Adverse Parties

Names: J.O.P., M.E.R.E., K.A.R.C., E.D.G., L.M.Z.
Attorney Names, Addresses, Emails, and Phones:

**Brian T. Burgess**
Goodwin Proctor LLP
1900 N. St. NW
Washington, DC 20036
bburgess@goodwinlaw.com
202-346-4215

**Elaine Hermann Blais**
**Kevin DeJong**
**Sierra Perez-Sparks**
Goodwin Procter LLP
100 Northern Ave
Boston, MA 02210
eblais@goodwinlaw.com
617-570-1205
kdejong@goodwinlaw.com
617-570-1156
sperezsparks@goodwinlaw.com
617-570-1095

**Michelle Natalia Mendez**
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20009
michelle@nipnlg.org
540-907-1761

| Appellant |
| --- |

Names: Joseph B. Edlow, Jonathan Fahey, Markwayne Mullin, U.S. Immigration and Customs Enforcement, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security

Attorney Names, Addresses, Emails, and Phones:

**Ruth Ann Mueller**
**Larissa K. Johnson**
**Jaime A. Scott**
**Jeffery Alderette**
DOJ-Civ, Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
ruth.a.mueller@usdoj.gov
202-598-0263
larissa.k.johnson@usdoj.gov
202-598-9126
jaime.a.scott@usdoj.gov
202-305-3620
jeffrey.alderette@usdoj.gov
202-305-7133